|                          |   |                              |
|--------------------------|---|------------------------------|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| JAMES MURPHY, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:13-CV-241 |
| § | |
| RICHARD ALFORD, *et al.*, § | |
| § | |
| § | |
| Defendants. § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff James Murphy ("Plaintiff"), an inmate formerly confined at the Mark Stiles Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: Warden Richard Alford, Kent Dickerson ("Dickerson"), Diana Thornton, David Pille, Kathy Perkins, Troyen Singleton ("Singleton"), and Ronald Green ("Green") (collectively, "Defendants").

The court referred this matter to United States Magistrate Judge Zack Hawthorn for consideration pursuant to applicable laws and orders of this court. Judge Hawthorn recommends dismissing the claims against Green for failure to serve within 120 days of filing suit. *See* Docket Nos. 90 and 91 (granting Defendants' Joint Motion for Summary Judgment and dismissing all remaining claims for failure to exhaust and/or as barred by the applicable statute of limitations).

The court has received and considered Judge Hawthorn's Report and Recommendation as well as the record and the pleadings. Plaintiff filed objections to the Report and Recommendation,

which requires this court to conduct a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff objects to the Report and Recommendation on the basis that his claims should be dismissed for failure to exhaust administrative remedies or as barred by the applicable statute of limitations. Plaintiff argues that he suffered a continuing constitutional violation and that the accrual date for his claims did not begin until the constitutional violation ended which was when Defendants provided Plaintiff with a functional handicap shower. According to Plaintiff, he was not moved to a new unit with a functional handicap shower until November of 2011, and thus would have had until November of 2013 to file his suit. The continuing constitutional violation theory (or continuing tort theory), however, does not save Plaintiff's petition.

There is no federal statute of limitations for claims brought under § 1983. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Instead, federal courts borrow the forum state's statute of limitations for personal injury actions, as well as the state's tolling provisions. *Id.* In Texas, personal injury claims are subject to a two-year limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. While some states toll the statute of limitations while an individual is incarcerated, Texas has not tolled prisoners' civil suits since the relevant statute was amended in 1987. *Rodriguez*, 963 F.2d at 803. Further, although state law provides the relevant limitations period, federal law determines when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual occurs when the plaintiff has a complete and present cause of action, *i.e.*, when the plaintiff can file suit and obtain relief. *Id*. Thus, under federal law, a claim accrues the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.

2

2001). This is true even when applying the accrual date in the context of a continuing tort. *See Bohannan v. Doe*, 527 F. App'x. 283, 294 (5th Cir. 2013) (holding that a continuing tort claim accrues when the plaintiff can file suit and obtain relief and dismissing the plaintiff's claims as time-barred despite his argument that his dental care claim alleged a continuing tort for which the statute of limitations had not expired).

In the present case, Plaintiff filed two grievances that are relevant to the claims at issue. In Grievance No. 2011110612, he complains of the February 28, 2011, injury in which he fell in the shower located on Section 4-D-1 of the Mark Stiles Unit. As outlined by Judge Hawthorn, Plaintiff failed to file a Step 2 grievance and, therefore, he did not fully exhaust his administrative remedies with respect to this grievance.

Alternatively, Plaintiff points to Grievance No. 2011084580, which he believes is the relevant grievance in determining the exhaustion of his claims. This grievance was filed on January 18, 2011, prior to his fall. Therein, he complains of the lack of a functional handicap shower. With regard to this complaint, Plaintiff filed a Step 2 grievance, which was ultimately denied by the Assistant Regional Director on April 7, 2011. Plaintiff, however, did not file his original complaint until April 16, 2013, more than two years after he received the final decision.[1] Thus, any claims pursuant to this grievance are time-barred.[2] Plaintiff's claims accrued at the time

---

[1] Plaintiff certified under penalty of perjury that he placed his § 1983 complaint in the prison mailing system on April 16, 2013. *See* Docket No. 1.

[2] The court reiterates an observation made by Judge Hawthorn: specifically, Plaintiff failed to identify any responsible individuals with regard to both of the grievances discussed above. Indeed, in Grievance No. 2011110612, Plaintiff merely outlines the accident and complains vaguely of the medical department stating he received only pain medication which indicated a medical urgency for subsequent medical care but had yet to receive an appointment for his back. In Grievance No. 2011084580, Plaintiff complains of the lack of a functional handicap shower and appears to be requesting a different housing assignment where a functional handicap shower is available.

3

he believed he could file suit and obtain relief which was memorialized in his efforts to exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (stating that exhaustion is mandatory and is required for all actions brought by prisoners in order to give correctional officers an opportunity to address complaints internally before initiation of a federal lawsuit). Plaintiff's argument that the continuing tort theory extends the accrual date in the present case is simply unavailing. The record reflects that his claims accrued at the time he filed his grievance, as it was at that time he was aware he could file suit and obtain relief.

Plaintiff next complains that Judge Hawthorn erred in denying his Motion to Amend after Defendants filed their Joint Motion for Summary Judgment based on the defenses of exhaustion and statute of limitations. As recognized by Judge Hawthorn, and as discussed above, the amendment is futile because the claims are nonetheless time-barred despite Plaintiff's continuing tort theory. Plaintiff has been given several opportunities to replead and refine his claims; however, he is simply unable to overcome these defenses on the present record.

Plaintiff also complains that Dickerson and Singleton filed a late answer and, therefore, defaulted and/or waived their defenses. The court acknowledges that Dickerson and Singleton did not file their answer until August 3, 2015, more than a year past the date Plaintiff filed his response to Defendants' Joint Motion for More Definite Statement. In reviewing the record, however, it appears this was simply an oversight, and Plaintiff has not suffered any prejudice from the late answer. The record reflects that Plaintiff has been put on notice of their intent to appear and assert the defenses outlined in the Joint Motion for Summary judgment. For example, Dickerson and Singleton filed a Joint Motion for More Definite Statement on November 1, 2013, a Notice of Disclosures on August 27, 2014, a Joint Motion for Summary Judgment on Exhaustion

on September 4, 2014, and an Amended Joint Motion for Summary Judgment on Exhaustion on January 5, 2015. Based on these filings, Plaintiff simply cannot argue that he has been surprised by their "late" appearance and assertion of defenses. Furthermore, default judgments are disfavored and should generally not be granted without more than a defendant's failure to meet a procedural requirement. *See Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).[3]

Finally, to the extent Plaintiff objects to Judge Hawthorn's recommendation that the court dismiss Plaintiff's claims against Green for failure to serve with 120 days pursuant to Federal Rule of Civil Procedure 4(m), these objections are also overruled. The United States Marshal's Service was unable to personally serve Green at the address provided by the Attorney General under seal because that address did not exist. Despite ample opportunity to do so, Plaintiff did not provide the court with an alternative address to serve this defendant.

## ORDER

Accordingly, Plaintiff's objections are **OVERRULED**. Judge Hawthorn's findings of fact and conclusions of law are correct, and his report is **ADOPTED**. A final judgment will be entered in this case in accordance with Judge Hawthorn's recommendations.

SIGNED at Beaumont, Texas, this 9th day of September, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[3] At the time Plaintiff filed his first Motion for Default Judgment, Judge Hawthorn recommended denying the motion because none of the defendants had been served at that time. That Report and Recommendation was adopted by Memorandum Order on November 5, 2013. Plaintiff did not move for entry of a default judgment after Defendants had been properly served.